IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY and AUTO-OWNERS INSURANCE CO., | : <br> : <br> : |
| Plaintiffs, | : <br> : Civil Action No. |
| v. | : 7:12-CV-27 (HL) <br> : |
| JEFFERY DANIEL, as Executor of the Estate of BIRGIELINE DANIEL, and DEMOTT TRACTOR CO., INC., | : <br> : <br> : <br> : |
| Defendant. | : <br> : |

_____

## ORDER

Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the jurisdictional requirements in this case have been satisfied. *See* Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). After review, the Court has determined that proper subject matter jurisdiction has not been established.

Federal courts are courts of limited jurisdiction. Morrison, 228 F.3d at 1260-61. Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion,

provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

Congress has created two primary methods for pleading original federal subject matter jurisdiction. The first method requires the existence of a federal question at the heart of the claim. 28 U.S.C. § 1331. The second method is based on diversity of citizenship. 28 U.S.C. § 1332. A diversity action is appropriate "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332 (a)(1). Thus, a diversity action has two distinct requirements: (1) an amount greater than $75,000, and (2) complete diversity of citizenship. Here, the amount in controversy requirement has been satisfied, but the diversity of citizenship is in question.

A party must distinctly and affirmatively plead citizenship. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980). In this case, Plaintiffs have properly alleged citizenship for Owners, Auto-Owners, and Demott; however, Plaintiffs have failed to properly allege citizenship for Defendant Jeffery Daniel. When acting in a representative capacity, a decedent's personal representative is deemed to be a citizen of the state of which the deceased was a citizen at the time of her death. See 28 U.S.C. § 1332(c); Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); James v. Three Notch Med. Ctr., 966 F. Supp. 1112, 1116 (M.D. Ala. 1997). Therefore, to ensure

proper subject matter jurisdiction, Plaintiffs must state decedent Virgieline Daniel's state of citizenship at the time of her death.

Having concluded that the requirements for diversity jurisdiction have not been met, the Court orders Plaintiffs to file an amended complaint that properly establishes the citizenship in this case. This amended complaint is due on or before Friday, March 2, 2012. If Plaintiffs fail to properly amend the complaint, this Court will have no choice but to dismiss the case for want of proper jurisdiction.

**SO ORDERED**, this the 16th day of February, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ebr