IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY and AUTO-OWNERS INSURANCE COMPANY,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**JEFFERY DANIEL, as Executor of the Estate of VIRGIELINE DANIEL, and DEMOTT TRACTOR, CO., INC.,**<br><br>    **Defendants.** | Civil Action 7:12-CV-27 (HL) |

## ORDER

Before the Court is Plaintiffs' Motion for Default Judgment against Defendant Demott Tractor Co., Inc. (Doc. 15). For the reasons stated below, the Motion is denied.

Plaintiffs Owners Insurance Company and Auto-Owners Insurance Company issued two insurance policies to Defendant Demott Tractor, Co., Inc. ("Demott"), policy numbers 95-688-193-03 and 48-207-890-01. Demott now seeks defense and indemnity under these insurance policies for claims asserted against it in a separate lawsuit that is currently pending in the State Court of Colquitt County, <u>Jeffery Daniel as Executor of the Estate of Virgieline Daniel v. 3M Company et al.</u>, Civil Action File Number 11-SC-2953 (hereinafter "Underlying Lawsuit").

In the Underlying Lawsuit, Jeffery Daniel, the plaintiff, claims that Decedent Virgieline Daniel was exposed to asbestos from products manufactured, sold, or distributed by Demott. Daniel has asserted claims in that case for wrongful death, pain and suffering, failure to warn, negligence, strict product liability, breach of warranty, conspiracy, and punitive damages.

Plaintiffs Owners Insurance Company and Auto-Owners Insurance Company filed their Complaint in this case on February 14, 2012, seeking declaratory judgment against Demott on six counts that are relevant to the insurance coverage at issue in the Underlying Lawsuit. (Doc. 1.) On February 28, 2012, Plaintiffs filed an Amended Complaint containing the same six counts. (Doc. 6.) On February 20, 2012, Demott was properly served with summons and the Complaint for Declaratory Judgment. Thus, Demott's answer or other responsive pleading to the Complaint was due on or before March 12, 2012. Plaintiffs' Amended Complaint was properly served with summons on March 5, 2012, and the answer or responsive pleading to the Amended Complaint was due on or before March 26, 2012. Now, over a month after Demott's response was due, Demott has yet to file an answer or responsive pleading to the Complaint or Amended Complaint. As a result of Demott's failure to respond, Demott is in default in this action. The default was entered by the Clerk of the Court on April 25, 2012.

"When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default

judgment until the trial of the action on the merits against the remaining defendants." Essex Ins. Co. v. Moore, 2011 WL 3235685 at *1 (M.D. Fla. July 28, 2011) (quoting Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 330 (W.D. Mich. 2000)). This is especially true when an insurer seeks a declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and the other named defendants who may appear and contest the insurer's allegations. Id. (citations omitted).

Jeffery Daniel, a non-defaulting defendant, remains in this case, and in an effort to avoid inconsistent verdicts, the Court finds that the most appropriate action is to deny the Plaintiffs' Motion for Default Judgment without prejudice and allow Plaintiffs to reassert their Motion against Defendant Demott at the conclusion of the proceedings against the remaining defendants.

**SO ORDERED**, this 2nd day of May, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr

3