IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY and AUTO-OWNERS INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>**JEFFERY DANIEL, as Executor of the Estate of VIRGIELINE DANIEL, and DEMOTT TRACTOR CO., INC.,**<br><br>    Defendants. | Civil Action No. 7:12-CV-27 (HL) |

### ORDER

Before the Court is a Motion for Summary Judgment filed by Plaintiffs Owners Insurance Company ("Owners") and Auto-Owners Insurance Company ("Auto-Owners") (Doc. 26). For the reasons stated below, the Motion is granted.

This case is a declaratory judgment action. Plaintiffs seek a declaration from this Court that no insurance coverage is afforded under certain policies that Plaintiffs issued to Demott Tractor Co., Inc. ("Demott") for claims asserted against Demott in a separate lawsuit ("Underlying Lawsuit"). The Underlying Lawsuit is currently pending in the State Court of Colquitt County.

The Underlying Lawsuit was filed by Jeffery Daniel as Executor of the Estate of Virgieline Daniel ("Daniel"). *See* Jeffery Daniel as Executor of the Estate of Virgieline Daniel v. 3M Company et al., Civil Action File Number 11-SC-2953.

In that case, Daniel claims that Decedent Virgieline Daniel was exposed to asbestos from products manufactured, sold, or distributed by Demott. Daniel asserts claims for wrongful death, pain and suffering, failure to warn, negligence, strict product liability, breach of warranty, conspiracy, and punitive damages. All of the claims asserted by Daniel arise from alleged exposure to asbestos. In the Underlying Lawsuit, Demott seeks defense and indemnity for the claims asserted against it under insurance policies issued to Demott by Plaintiffs. The policies include three policies issued by Auto-Owners (policy periods 2005-2006, 2006-2007, and 2007-2008) and two policies issued by Owners (policy periods 2009-2010 and 2010-2011).[1]

In this case, Plaintiffs claim that the policies issued to Demott do not cover the claims asserted in the Underlying Lawsuit. Specifically, Plaintiffs maintain that the claims in the Underlying Lawsuit, all involving alleged exposure to asbestos, are expressly excluded in the policies. The Auto-Owners Policy states that coverage is provided for the following:

A. **BODILY INJURY LIABILITY**

B. **PROPERTY DAMAGE LIABILITY**
To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law, or assumed under any contract as defined herein, for damages because of

---

[1] Plaintiffs have presented evidence that the policy issued by Auto-Owners for 2007-2008 was cancelled effective the date of its issuance. (Doc. 26-2, p. 7.) However, because this matter can be resolved without determining the issue of coverage dates, the Court declines to rule on whether coverage expired at a certain time.

   a. Bodily injury, sickness, or disease including death at any time resulting therefrom, or

   b. Injury or destruction of tangible property, including the loss of use thereof,

   neither expected nor intended from the standpoint of the insured and arising out of the hazards defined in Section II of this coverage form.

(Doc. 27-1, p. 43.) However, the Auto-Owners Policy goes on to provide for an Absolute Asbestos Exclusion. That Exclusion states:

   No coverage is provided by this policy for any claim, suit, action or proceeding against the insured arising out of the discharge, dispersal, release, escape, or inhalation of any asbestos related particle, dust, irritant, contaminant, pollutant, toxic element, or material.

(Doc. 27-1, p. 66.)

   The Owners policy likewise provides an exclusion for asbestos exposure. It states that insurance coverage does not apply to:

   Any claim, suit, action or proceeding against any insured arising out of the discharge, dispersal, release, escape or inhalation of any asbestos related particles, dust, irritants, contaminants, pollutants, toxic elements or materials.

(Doc. 28-1, p. 21.) Plaintiffs reason that because of these exclusions, there is no coverage for the injuries claimed by Daniel in the Underlying Lawsuit.

   The Defendants in this case do not dispute the coverage issue. Defendant Demott failed to file an answer to the Plaintiffs' Complaint, and the Clerk of Court entered a default against it on April 25, 2012. As a result of his default, Defendant Demott admits Plaintiffs' allegations of fact, including Plaintiffs'

assertions about coverage. *See* <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1307 (11th Cir. 2009) (determining that by virtue of his default, defendant admitted the plaintiff's well-pleaded allegations of fact). Additionally, Defendant Daniel filed a stipulation on September 24, 2012 in which he states that that "he does not contest any coverage issues raised in this declaratory judgment action." (Doc. 25.) Thus, one Defendant has waived any opposition to Plaintiffs' coverage defense by virtue of its default and the other Defendant asserted by stipulation that it does not contest Plaintiffs' coverage defenses.

By virtue of Defendant Demott's default and Defendant Daniel's stipulation, the Plaintiffs' Motion for Summary Judgment is granted. Plaintiffs have no duty under the Auto-Owners or Owners policies to defend or indemnify Demott against the claims asserted in the Underlying Lawsuit.

**SO ORDERED**, this 11th day of December, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr